IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY JEROME GASKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CIVIL ACTION NO. 1:09-CV-1058-TMH | |
| | ) | [WO] |
| | ) | |
| ANDY HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Jerry Jerome Gaskins ["Gaskins"], a county inmate,

challenges the basis for his confinement at the Houston County Jail.  Specifically, Gaskins

complains he should have been transferred to state custody immediately upon issuance of

a fugitive warrant by the Alabama Department of Corrections.  Gaskins seeks declaratory

relief, transfer to the custody of the Alabama Department of Corrections and a parole

revocation hearing on the charges pending against him.[1]

The defendant filed a special report and supporting evidentiary materials addressing

Gaskins' claims for relief.  In these documents, the defendant adamantly denies Gaskins'

allegations and asserts the plaintiff's confinement in the Houston County Jail at no time

---

[1]The undisputed evidentiary materials before the court establish that a parole revocation hearing
occurred on January 4, 2010 after which an order issued revoking Gaskins' parole.

violated his constitutional rights.  In addition, the defendant asserts the complaint is due to be dismissed because Gaskins failed to properly exhaust an administrative remedy available to him at the Houston County Jail with respect to the claims presented in this cause of action.  The defendant bases his exhaustion defense on the plaintiff's failure to file an appeal of the grievances he submitted which addressed the claims presently pending before this court.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat the defendant's report as a motion for summary judgment.  *Order of February 2, 2010 - Court Doc. No. 16*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible.").  Thus, this case is now pending on the defendant's motion for summary judgment.  Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendant's motion for summary judgment with respect to the exhaustion defense is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendant has met his evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to the plaintiff's failure to exhaust administrative remedies.   Thus, the burden shifts to the plaintiff to establish, with

---

[2]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

appropriate evidence beyond the pleadings, that a genuine issue material to his exhaustion of the jail's grievance procedure exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the defendant's properly supported motion for summary judgment, Gaskins is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of the requisite administrative remedy. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.

*Waddell v. Valley Forge Medical Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001);
*Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory
assertions ..., in the absence of [admissible] supporting evidence, are insufficient to
withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant
of summary judgment appropriate where inmate produces nothing beyond "his own
conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)
("mere verification of party's own conclusory allegations is not sufficient to oppose
summary judgment....").  Hence, when a plaintiff fails to set forth specific facts supported
by appropriate evidence sufficient to establish the existence of an element essential to his
case and on which the plaintiff will bear the burden of proof at trial, summary judgment
is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of
proof concerning an essential element of the nonmoving party's case necessarily renders
all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609
(11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient
evidence to require submission of the case to the trier of fact, granting of summary
judgment is appropriate).

     For summary judgment purposes, only disputes involving material facts are relevant.
*United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami,
Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the

substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529-530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Gaskins fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment based on his failure to exhaust a previously available administrative remedy. *Matsushita*, *supra*.

### III.  DISCUSSION

Gaskins challenges the constitutionality of his confinement in the Houston County Jail based on a fugitive warrant issued by the Alabama Department of Corrections. In response to the complaint, the defendant maintains this case is subject to dismissal because Gaskins failed to properly exhaust the administrative remedy provided at the Houston County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless

appendage."  548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387.  The Court reasoned that

because proper exhaustion of administrative remedies is necessary an inmate cannot

"satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely

or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively

bypassing the administrative process simply by waiting until the grievance procedure is no

longer available to her.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418

F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns

the administrative process until it is no longer available fails to satisfy the exhaustion

requirement of the PLRA).

The record in this case establishes that the Houston County Jail provides a grievance

procedure for inmate complaints.  *Defendant's Exhibit A to the Affidavit of Commander*

*Keith W. Reed - Court Doc. No. 15-3* at 6-7.  The relevant portion of the grievance

procedure reads as follows:

> 1.  If an inmate has a grievance they may request a grievance form from jail
> staff.  Grievances are to be made by [an] individual inmate only....
> 2.  Complete the grievance form providing as much detail as possible and
> return the form to the jail staff.  Each grievance [form] may only address <u>one</u>
> <u>issue</u>....  The grievance shall be submitted within <u>three days</u> of the event
> which is the basis of the grievance....
> 3.  The jail has 30 days to investigate and answer the grievance.  The
> grievance may be answered by any jail staff member authorized to answer the
> particular grievance.
> 4.  If the inmate is not satisfied with the answer or response to the grievance,
> the inmate may appeal the decision using a grievance appeal form.  The
> appeal will be answered by the next person in the chain of command.  The

> appeal must be submitted within 24 hours of the time the inmate is notified
> of the initial decision.  The person hearing the grievance will have 30 days
> to answer the [inmate's] appeal.  For purposes of this policy the chain of
> command is [as follows:] (1) first responder to the grievance; (2) jail
> commander; (3) chief deputy; (4) sheriff.
>
> 5. Each time the inmate is dissatisfied with the result of an appeal, they may
> follow the same procedure with the next person in the chain of command
> until they reach the sheriff who will make the final decision.
>
> * * *

*Id.* (emphasis in original); *Defendant's Exhibit E to the Affidavit of Commander Keith W.*

*Reed - Court Doc. No. 15-3* at 13 ("It is the policy of the Houston County Jail that inmates

are permitted to submit grievances to the jail administration and that each grievance will

receive a response.").  An amendment to the grievance procedure adopted on April 8, 2008

further requires that:

> The event the inmate is filing a grievance about must have occurred within
> three calendar days of the date of the grievance.  The inmate grievance must
> state the date the event occurred which is the basis for the grievance or the
> grievance will not be considered.
>
> The Houston County Jail will have 30 calendar days from the date of the
> grievance to investigate and reply to the inmate during which time the inmate
> shall not file another grievance about the same issue.
>
> The inmate may appeal the response of the grievance to the Jail Commander
> within two calendar days of receipt of the grievance by completing a
> grievance appeal form.  The Jail Commander will have 30 calendar days to
> answer the appeal.

*Defendant's Exhibit F to the Affidavit of Commander Keith W. Reed - Court Doc. No. 15-3*

at 14.

The court has thoroughly reviewed the evidentiary materials filed by the defendant. These materials demonstrate that "Gaskins did file two grievances related to the claims he makes in this lawsuit. However, upon receiving the [grievance officer's] response to same, he did not file any appeal as provided for by jail grievance procedure rules and as such, the plaintiff did not exhaust his administrative remedies provided in the jail." *Defendant's Exhibit 1 (Affidavit of Commander Keith W. Reed) - Court Doc. No. 15-2* at 2; *Defendant's Exhibit H to the Affidavit of Commander Keith W. Reed - Court Doc. No. 15-3* at 17-18 -- *Inmate Grievance Forms of November 2, 2009 and December 9, 2009*. A correctional officer responded to these grievances and Gaskins received the responses on December 3, 2009 and December 11, 2009, respectively. *Id.* However, Gaskins did not appeal either response provided to his grievances as permitted by the jail's grievance procedure.

Gaskins does not dispute his failure to exhaust the administrative remedies available in the Houston County Jail prior to filing this case. The court therefore concludes that the claims presented in this cause of action are subject to dismissal as the plaintiff failed to properly exhaust the administrative remedy available to him which is a precondition to proceeding in this court on his claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388.

The time limitations applicable to filing an appeal of the responses to the grievances submitted have long since expired. Thus, the administrative remedy provided by the defendant with respect to the claims made the basis of the instant complaint are no longer

11

available to Gaskins. Under such circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Keirk*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust.).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED to the extent the defendant seeks dismissal of this case due to the plaintiff's failure to properly exhaust administrative remedies previously available to him at the Houston County Jail.

2. This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust administrative remedies previously available to him at the Houston County Jail.

It is further

ORDERED that on or before March 12, 2010 the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal those factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of February, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE